UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:20-cv-00016

———

**Jeremy Lee Davis,**
*Plaintiff,*

v.

**Commissioner, SSA,**
*Defendant.*

———

## ORDER

On January 13, 2020, plaintiff Jeremy Lee Davis filed a complaint seeking judicial review of the Social Security Commissioner's denial of his application for Social Security benefits. Doc. 1. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Doc. 3. On November 30, 2020, the magistrate judge issued a report and recommendation that the Commissioner's decision should be affirmed, and the case should be dismissed with prejudice. Doc. 16. Plaintiff submitted timely objections on December 14, 2020. *See* Doc. 17.

This court reviews the findings and conclusions of the magistrate judge de novo only if a party objects within 14 days of service of the report and recommendation. Fed. R. Civ. P. 72(b). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (cleaned up).

Plaintiff first objects that the magistrate judge misstated plaintiff's position on appeal. Doc. 17 at 3. The magistrate judge stated that the plaintiff's position was that the ALJ should have given controlling weight to the opinion of plaintiff's treating surgeon. Doc. 16 at 7-8. Based on this understanding of plaintiff's argument, the magistrate judge determined that the ALJ did not err in affording the treating

surgeon's opinion only partial weight because the ALJ noted that the surgeon did not provide any explanation or evidence for his opinion and the record contained medical evidence that contradicted the surgeon's opinion. *Id*. at 8-9.

Plaintiff maintains that his position was that after refusing to give his treating surgeon's opinion controlling weight, the ALJ was obligated to apply the criteria in § 404.1527 to weigh the opinion of the treating surgeon. Doc. 17 at 3. Plaintiff cites *Beasley v. Barnhart*, to support his argument that the ALJ was required to consider all the § 404.1527(d)(2) factors before rejecting a treating source opinion. 191 F. App'x. 331 (5th Cir. 2006). However, in *Beasley*, there was no countervailing medical evidence from a treating or examining source that supported the ALJ's determination. *See id*.

In this case, when he rejected the treating surgeon's opinion, the ALJ cited to competing first-hand medical evidence from nurse practitioner Travis Squyres, which contradicted the surgeon's opinion. Tr. at 19-20. Accordingly, a detailed analysis of the factors was not required, and as the magistrate judge stated, the ALJ did not err in affording the treating surgeon's opinion only partial weight. *See Newton v. Apfel*, 209 F.3d 448, 455-57 (5th Cir. 2000); *see also Rollins v. Astrue*, 464 Fed. Appx. 353, 358 (5th Cir. 2012) ("Where there is reliable medical evidence from treating or examining physician that controverts the claimant's physician, the detailed inquiry of each factor in § 404.1527(d)(2) is unnecessary."). Therefore, plaintiff's objection is **overruled**.

Plaintiff next objects to the finding that the nurse practitioner's examination is contravening evidence. Doc. 17 at 4-5. Plaintiff argues that some of the nurse's notes were consistent with the treating surgeon's observations. *Id*. Though the ALJ did take notice of these similarities, he also stated that the nurse's observations were unremarkable and ultimately at odds with the treating surgeon's opinion. Tr. at 19-20. The evidence supports the ALJ's weighing of the opinions and the court cannot reweigh the evidence, try the issue de novo, or

substitute its judgment on the ultimate issue of disability for that of the Commissioner. *Williams v. Astrue*, No. 4:11-cv-483, 2013 WL 1282517, at *4 (E.D. Tex. Mar. 27, 2013) (citing *Newton*, 209 F.3d at 452). This objection is **overruled.**

Plaintiff's third objection centers around the fact that the nurse practitioner's contravening evidence occurred 18 months after the treating surgeon expressed his opinion. Doc. 17 at 5. Plaintiff argues that because of this gap in time the ALJ should have considered whether he was entitled to a closed period of disability. *Id*. In a case involving a closed period of disability, "the decision-maker determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of the decision." *Waters v. Barnhart*, 276 F.3d 716, 719 (5th Cir. 2002) (quoting *Picket v. Bowen*, 833 F.2d 288, 289 n.1 (11th Cir. 1987)).

The Social Security Administration's policy is to establish a closed period of disability where the evidence shows that a plaintiff was unable to engage in substantial gainful activity for a continuous period of 12 months. But the claimant is no longer disabled by the time a disability determination is made. 3 Soc. Sec. Law & Prac. § 39:64; *see* 42 U.S.C. § 416(i)(2)(D). To be awarded benefits under the Social Security Act, the plaintiff had the burden to show that he was disabled for a continuous period of 12 months on or before the date that the disability determination was made—August 12, 2019. Tr. at 12. The ALJ's decision is clear that the plaintiff had "not been under a disability, as defined in the Social Security Act, from May 7, 2015 through the date of this decision." Tr. at 22. Reviewing the magistrate judge's findings, the court finds that the magistrate judge correctly determined that this decision was supported by substantial evidence. Doc. 16 at 11. Therefore, plaintiff's argument that the ALJ should consider whether he is entitled to benefits for a closed period of disability is without merit. The objection is **overruled**.

For the reasons stated above, plaintiff's objections are **overruled.** Accordingly, the report and recommendation is

**accepted**. Plaintiff's complaint (Doc. 1) is **dismissed with prejudice**.

*So ordered by the court on January 12, 2021.*

J. CAMPBELL BARKER
United States District Judge